UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL                    'O'

| Case No. | 2:14-cv-01250-CAS(MRWx) | Date | March 20, 2015 |
|---|---|---|---|
| Title | NEW SHOW STUDIOS LLC ET AL. V. JIMM NEEDLE ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants | |
| Not Present | Not Present | |

**Proceedings:**   (IN CHAMBERS): DEFENDANTS' REQUEST FOR ATTORNEY'S FEES AND COSTS PURSUANT TO COURT'S ORDER DATED DECEMBER 29, 2014 (filed January 26, 2015, dkt. 56)

## I.   INTRODUCTION

This case arises from allegations that defendants James Needle and Greg Howe unlawfully interfered with plaintiffs' business, primarily by expressing their beliefs that plaintiffs' business practices are fraudulent. The action was initially filed by plaintiffs New Show Studios LLC ("New Show"), Anthony Valkanas, and Davison Design & Development Inc. ("Davison Design"), on February 19, 2014. Through several rounds of briefing, defendants sought to strike certain of plaintiffs' claims pursuant to California's Anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16. Defendants now seek to recover costs and attorney's fees incurred in connection with the successful portions of their Anti-SLAPP motions.

## II.   PROCEDURAL BACKGROUND

Plaintiffs filed a first amended complaint ("FAC") on April 21, 2014, asserting the following claims: (1) violations of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. §§ 1030, et seq.; (2) violations of the Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701, et seq.; (3) unauthorized access to computers, in violation of the California Comprehensive Computer Data Access and Fraud Act ("CCCDAFA"), Cal. Penal Code §§ 502, et seq.; (4) receiving stolen property, in violation of Cal. Penal Code §§ 496, et seq.; (5) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq.; (6) invasion of privacy; (7) conversion; (8) trade secret misappropriation; (9) intentional interference with contractual relations; (10) intentional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-01250-CAS(MRWx) | Date | March 20, 2015 |
| Title | NEW SHOW STUDIOS LLC ET AL. V. JIMM NEEDLE ET AL. | | |

interference with prospective economic advantage; (11) negligent interference with prospective economic advantage; (12) defamation per se; (13) trade libel; (14) false advertising, in violation of 15 U.S.C. §§ 1125, et seq.; (15) false advertising, in violation of the California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, et seq.; (16) copyright infringement, in violation of 17 U.S.C. §§ 501, et seq.; and (17) trademark infringement, in violation of 15 U.S.C. §§ 1125(a), et seq. Dkt. 10.

In May 2014, defendants jointly filed (1) a motion to dismiss claims 1-8 and 10-11 pursuant to Rule 12(b)(6), and (2) a special motion to strike claims 9-15 pursuant to California's Anti-SLAPP statute. Dkts. 14-15. By order dated June 30, 2014, the Court dismissed without prejudice under Rule 12(b)(6) claims 1-7, 9-11, and 13-15. Dkt. 31. However, the Court declined to rule on defendants' Anti-SLAPP motion at that time, concluding that such consideration "would be premature, and that claims 9-15 [were] better evaluated under Rule 12(b)(6) at this juncture." Id. at 7. Accordingly, the Court dismissed defendants' first Anti-SLAPP motion without prejudice, and without analysis of the motion's merits. Id. at 24.

On July 14, 2014, plaintiffs subsequently filed a second amended complaint ("SAC"). Dkt. 32. The SAC asserted the following claims: (1) violation of the UCL; (2) false light invasion of privacy; (3) trade secret misappropriation; (4) intentional interference with contractual relations; (5) intentional interference with prospective economic advantage; (6) negligent interference with prospective economic advantage; (7) defamation per se; (8) trade libel; (9) false advertising, in violation of 15 U.S.C. §§ 1125, et seq.; (10) false advertising, in violation of California's FAL; (11) copyright infringement, in violation of 17 U.S.C. §§ 501, et seq.; and (12) trademark infringement, in violation of 15 U.S.C. §§ 1125(a), et seq. Id.

On July 28, 2014, defendants filed (1) a motion to dismiss claim 9 of the SAC pursuant to Rule 12(b)(6) and (2) a special motion to strike claims 1, 2, 4-8, and 10 pursuant to the Anti-SLAPP statute. Dkt. 34. The Court held a hearing on September 8, 2014,at which time plaintiffs requested leave to conduct discovery into the claims subject to defendants' Anti-SLAPP motion. Dkt. 43. The Court directed plaintiffs to submit briefing regarding the scope of such discovery, and ultimately provided plaintiffs 60 days to conduct limited discovery. Id. During that time, plaintiffs deposed defendants Needle and Howe in Cleveland, OH, and Buffalo, NY, respectively. Upon completion of these depositions, the parties submitted supplemental briefing addressing whether plaintiffs had

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       'O'

| Case No. | 2:14-cv-01250-CAS(MRWx) | Date | March 20, 2015 |
|---|---|---|---|
| Title | NEW SHOW STUDIOS LLC ET AL. V. JIMM NEEDLE ET AL. | | |

established a reasonable probability of succeeding on the merits of their claims subject to defendants' Anti-SLAPP motion. Dkts. 46, 48-50.

By order dated December 29, 2014, the Court granted in part defendants' Anti-SLAPP special motion to strike. Dkt. 51. Specifically, the Court granted the motion to strike plaintiffs' claims for violation of California's UCL and violation of California's FAL, insofar as those claims were predicated on defendants' protected statements regarding plaintiffs' business practices. Id. at 32-33. The Court also granted the motion to strike plaintiffs' claims for trade libel, intentional interference with contractual relations, intentional interference with prospective economic advantage, and negligent interference with prospective economic advantage. Id. at 33.

Applying the framework set forth in the Anti-SLAPP statute, the Court concluded that defendants were the prevailing party on the six aforementioned claims. Id. at 32. In light of this, the Court determined that defendants were entitled to an award of attorney's fees and costs "incurred in connection with" their special motion to strike and "necessary to prevail" thereon, and ordered defendants to submit records to support such an award. Id. On January 26, 2015, defendants filed a statement of attorney's fees records pursuant to the Court's order. See Dkt. 56. On March 18, 2015, plaintiffs' filed a statement in opposition. Dkt. 62. Having carefully reviewed the parties' submissions, the Court finds and concludes as follows.

## III. LEGAL STANDARD

California's anti-SLAPP statute was enacted to allow the early dismissal of "SLAPP" suits. "SLAPP stands for 'Strategic Lawsuit Against Public Participation,' and basically refers to suits directed at some exercise of a person's right of free speech or petition." Lam v. Ngo, 91 Cal. App. 4th 832, 835 n.1 (2001). The statute provides:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-01250-CAS(MRWx) | Date | March 20, 2015 |
| Title | NEW SHOW STUDIOS LLC ET AL. V. JIMM NEEDLE ET AL. | | |

Cal. Code Civ. P. § 425.16. Under the statute, "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Code Civ. P. § 425.16(c); S.B. Beach Props. v. Berti, 39 Cal. 4th 374, 379 (2006) ("[A]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees."); see also Computerexpress, Inc. v. Jackson, 93 Cal. App. 4th 993, 1019 (2001) (explaining that recovery of fees and costs is proper even where Anti-SLAPP motion is granted only in part).

A successful SLAPP defendant is only entitled to attorney's fees and costs "incurred in connection with" the anti-SLAPP motion, and "necessary to prevail" thereon. Metabolife Int'l Inc. v. Wornick, 213 F. Supp. 2d 1220, 1221-24 (S.D. Cal. 2002). Further, "[t]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The amount awarded must be reasonable, and it must also "adequately compensate the [prevailing party] for the expense of responding to a baseless suit." Dove Audio, Inc. v. Rosenfeld, Meyer & Susman, 47 Cal. App. 4th 777, 785 (1996). Generally, the reasonableness of fees is determined first by calculating the "lodestar" figure, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Miller v. Los Angeles Co. Bd. Of Educ., 827 F.2d 617, 621 (9th Cir. 1987). A reasonable hourly rate is the prevailing market rate in the relevant community. PLCM Group v. Drexler, 22 Cal. 4th 1084, 1095 (2000).

## IV. DISCUSSION

Defense counsel states that he has spent a total of 169.2 hours on matters related to preparing the successful portions of the Anti-SLAPP motions, and states that he bills at an hourly rate of $300. Defs.' Records Submission at 1. Defense counsel thus requests a total of $50,760.00 in attorney's fees. Counsel accounts for these hours as follows:

a. 36.8 hours related to filing the first motion to strike (Naim Decl., Ex. 2);

b. 23.7 hours related to filing the first reply brief (Id., Ex. 3);

c. 15 hours related to filing the second motion to strike, including review of plaintiffs' new allegations, and drafting, reviewing and revising the original motion to strike (Id., Ex. 4);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-01250-CAS(MRWx) | Date | March 20, 2015 |
| Title | NEW SHOW STUDIOS LLC ET AL. V. JIMM NEEDLE ET AL. | | |

    d.    10.6 hours related to filing the second reply brief (Id., Ex. 5);

    e.    5.2 hours spent traveling to and attending the two hearings for the motions to strike (Id., Ex. 6);

    f.    6.4 hours related to filing Defendants' Opposition to Plaintiffs' Request for Discovery (Id., Ex. 7);

    g.    59.6 hours related to conducting the discovery requested by plaintiffs, including time spent at depositions, at meetings with Defendants to prepare them for their depositions, and in traveling to and from Cleveland, OH, and Buffalo, NY to attend such depositions (Id., Ex. 8);

    h.    8.6 preparing defendants' supplemental briefing regarding new evidence obtained as a result of the depositions of defendants (Id., Ex. 9);

    i.    Approximately 3.3 hours related to filing the instant submission of records (Id., ¶ 13).

Defs.' Records Submission at 1-2. Defense counsel also states that he incurred related costs and expenses of $4,113.75, including expenses incurred to travel to and from both Buffalo, NY and Cleveland, OH to defend the Howe and Needle depositions. Naim Decl., Ex. 10.[1] Thus, in total, defendants seek an award of fees and costs in the amount of $52,623.75.

    Although defendants challenged 9 claims through their two special motions to strike, they only prevailed on 6. Specifically, defendants did not prevail on their motions to strike plaintiffs' claims for defamation per se, false light invasion of privacy, and

---

[1] Defense counsel avers that, in an attempt to minimize travel costs, he offered to conduct a video-conference deposition in San Francisco (where plaintiffs' counsel maintains an office), or to conduct both depositions in Buffalo, NY. Naim Decl. ¶ 18 & Ex. 11 (October 1, 2014 email to plaintiffs' counsel). However, defense counsel avers that plaintiffs did not accept his offers. Id. ¶ 18. Plaintiffs do not address this issue in their opposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-01250-CAS(MRWx) | Date | March 20, 2015 |
| Title | NEW SHOW STUDIOS LLC ET AL. V. JIMM NEEDLE ET AL. | | |

federal false advertising.[2]  With regard to the defamation per se and false light invasion of privacy claims, defense counsel's "billing records did not keep track of time spent on those specific portions of the briefs." Id. at 3.  However, counsel estimates that he spent "approximately 5 hours on these issues." Naim Decl. ¶ 16.  As to the federal false advertising claim, counsel avers that he billed separately for that time beginning with the first reply brief, and thus this time is not included in counsel's 169.2-hour total. Id. ¶ 15.  However, counsel estimates that he spent "approximately 2.5 hours researching and drafting that portion of the first motion to strike related to federal false advertising." Id.

Plaintiffs contend that defendants' request is excessive, since defendants "claim fees not only for the successful portions of their second motion to strike, but also for their first failed motion and for the parts of their second motion that were denied." Opp'n at 1.  In light of this, plaintiffs assert that defendants' fees should be based solely on the amount it cost them to prepare the successful portions of the second motion to strike. Id.  Alternatively, plaintiffs contend that defendants' fees should be halved, since defendants prevailed "on only half the claims against them and the case is still ongoing as to the other claims." Id. at 2.

Plaintiffs' first contention that defendants should not be compensated for work related to their first "failed" motion to strike misses the mark.  As an initial matter, this first motion to strike did not "fail" on the merits; rather, the Court determined that consideration of the motion "would be premature," instead opting to evaluate the challenged claims "under Rule 12(b)(6) at this juncture."  Defendants subsequently brought their second motion to strike and, as is evidenced by defense counsel's detailed records, this second motion necessarily incorporated significant portions of the first motion.  See, e.g., Defs.' Records Submission at 2 (preparing second motion to strike entailed, inter alia, "reviewing and revising" the first motion to strike).  Therefore, defense counsel's work on the first motion was "necessary to prevail" on the second motion.

---

[2] Defendants initially challenged the federal false advertising claim pursuant to their first motion to strike, dkts. 14-15, but following dismissal of that motion without prejudice, defendants shifted course and brought a successful motion to dismiss this claim pursuant to Rule 12(b)(6), dkt. 34.  Thus, defendants did not prevail on their Anti-SLAPP motion with regard to the federal false advertising claim and are not entitled to an award of fees and costs incurred in connection with it.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-01250-CAS(MRWx) | Date | March 20, 2015 |
| Title | NEW SHOW STUDIOS LLC ET AL. V. JIMM NEEDLE ET AL. | | |

  However, plaintiffs' second contention that defendants seek fees for "the parts of their second motion that were denied" has some merit. As noted above, defendants did not prevail on their special motion to strike claims for defamation per se, false light invasion of privacy, and federal false advertising, and defense counsel concedes that he did not keep track of the time spent on those specific claims. Instead, counsel estimates that he spent a total of 7.5 hours on these claims. Further, defendants seek compensation for time spent advancing the argument that their communications were protected by the common interest privilege, an argument ultimately rejected by the Court and thus not necessary to prevail on the special motion to strike. Plaintiffs correctly point out that it is defendants' burden to keep accurate records that enable the Court to determine how much time was spent on particular claims, and the Court "may properly reduce compensation on account of any failure to maintain appropriate time records." Opp'n at 4 (quoting Christian Research Inst. v. Alnor, 165 Cal. App. 4th 1315, 1320 (2008)). Nonetheless, the Court concludes that plaintiffs' proposed solution—that the Court cut defendants' requested fees in half—is inappropriate.

  Preliminarily, based on the submitted evidence and the Court's familiarity with the rates charged by other firms in the Los Angeles legal community, the Court concludes that a $300 hourly rate is reasonable. Moreover, defense counsel has over nine years of experience practicing law, and previously worked as an associate at two major law firms, Quinn Emanuel Urquhart & Sullivan and K&L Gates. Naim Decl. ¶ 17. At the latter firm, counsel's standard billable rate was $585 per hour. Id.

  With regard to the number of hours worked, the Court notes that defense counsel's time records are extremely detailed. Counsel not only accounts for the specific tasks performed in connection with the motions to strike, he accounts for the time spent on these tasks down to the tenth of an hour. See, e.g., Naim Decl., Ex. 4 (noting 1.9 hours spent, inter alia, "draft[ing] introduction to motion to strike [and] review[ing] and revis[ing] same"). Moreover, having carefully reviewed counsel's records, it appears that at least 70% of counsel's time was spent on (1) work that would have been necessary regardless of whether defendants prevailed in striking a single claim or six—such as traveling to and from hearings, taking depositions, and researching overarching Anti-SLAPP standards—and (2) work that can be definitively attributed to the six successfully stricken claims. Accordingly, the Court concludes that defense counsel is entitled to collect 70% of the requested $50,760.00 in fees—or $35,532.00.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-01250-CAS(MRWx) | Date | March 20, 2015 |
|---|---|---|---|
| Title | NEW SHOW STUDIOS LLC ET AL. V. JIMM NEEDLE ET AL. | | |

        As to the remaining $15,228.00 claimed by defendants, the Court cannot discern from counsel's records which hours were spent on the six successfully stricken claims, and which were spent on the three failed claims. See, e.g., Naim Decl., Ex. 2 (accounting for 1.1 hours "draft[ing] motion to strike [and] review[ing] First Amended Complaint"). However, since defendants prevailed on six out of nine challenged claims, the Court concludes that it is reasonable to award counsel approximately two-thirds of the remaining $15,228.00—or $10,050.00. See Christian Research Inst., 165 Cal. App. 4th at 1321 ("[A]scertaining the fee amount is left to the trial court's sound discretion."); Kearney v. Foley & Lardner, 553 F. Supp. 2d 1178, 1183-84 (S.D. Cal. 2008) (explaining that, when determining reasonableness of fees, "the Court is mindful that the anti-SLAPP statute must be 'construed broadly' ") (quoting Briggs v. Eden Council for Hope and Opportunity, 19 Cal. 4th 1106 (1999)).

        Accordingly, the Court determines that defendants are entitled to attorney's fees in the amount of $45,582.00, as well as $4,113.75 in costs and expenses, for a total award of $49,696.00.[3]

## V.     CONCLUSION

        In accordance with the foregoing, the Court hereby awards defendants fees and costs in the amount of $49,696.00.

        IT IS SO ORDERED.

| | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

---

[3] Although plaintiffs do not challenge defendants' request for fees and costs incurred in connection with the Court-ordered discovery and supplemental briefing related thereto, the Court notes that these expenses are also compensable. Henry v. Bank of Am. Corp., 2010 WL 3324890, at *4 (N.D. Cal. Aug. 23, 2010) ("[D]iscovery . . . initiated by plaintiff and directly related to the motion to strike . . . is . . . compensable.").