1  LAW OFFICES OF CYRUS S. NAIM
2  9107 Wilshire Blvd., Suite 450
   Beverly Hills, CA 90210
3  Tel.: (310) 773-5490
   Cyrus S. Naim (SBN 240119)
   *cnaim@naimlegal.com*
4
5  Attorney for Defendants James Needle
   and Greg Howe
6
7            UNITED STATES DISTRICT COURT
8            CENTRAL DISTRICT OF CALIFORNIA
9
10 NEW SHOW STUDIOS, LLC, a Nevada        Case No. CV 14-01250-CAS (MRWx)
   limited liability company, ANTHONY
   VALKANAS, an individual, DAVISON       Hon. Christina A. Snyder
11 DESIGN & DEVELOPMENT, INC., a
   Pennsylvania corporation,              **DEFENDANTS' MOTION FOR**
12                                        **PARTIAL FINAL JUDGMENT AS**
                                          **TO CLAIM NOS. 1, 4-6 & 8-10 OF**
13              Plaintiffs,               **PLAINTIFFS' SECOND AMENDED**
                                          **COMPLAINT, AND AWARD OF**
14        vs.                             **ATTORNEY'S FEES (DKT. NOS. 51**
                                          **& 63); REQUEST FOR**
15 JAMES NEEDLE (erroneously sued as      **ATTORNEY'S FEES**
   Jimm Needle), an individual, GREG
16 HOWE, an individual, DOES 1-10,
   inclusive                             Hearing Date:  August 3, 2015
17                                        Hearing Time:  10:00 a.m.
              Defendants.                 Location:  Courtroom 5
18
19
20
21
22
23
24
25
26
27
28

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on August 3, 2015, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 5 of the United States Courthouse, located at 312 North Spring Street Los Angeles, CA 90012-4701, Defendants James Needle (erroneously sued as Jimm Needle) and Greg Howe (collectively, "Defendants") will, and hereby do, move the Court, pursuant to Fed. R. Civ. P. 54(b) & 58(d), for an order issuing a Rule 54(b) certificate and directing the clerk to enter partial final judgment as to Claim Nos. 1, 4-6 & 8-10 of the Second Amended Complaint (Dkt. No. 32) filed by Plaintiffs New Show Studios, LLC, Anthony Valkanas, and Davison Design & Development, Inc. (collectively, "Plaintiffs"), pursuant to the Court's Order granting in part Defendants' special motion to strike (Dkt. No. 51).  Defendants also move the Court to direct the clerk to enter partial final judgment as to the award of attorney's fees of $49,696.00, pursuant to Dkt. No. 63.

In the alternative, Defendants move the Court to set a deadline for Plaintiffs to pay such fees as have been awarded, so that if they fail to do so Defendants can seek sanctions pursuant to the Court's inherent powers.

Defendants also move the Court to award them their fees and costs in bringing the instant motion.

This motion is made on the grounds that there are multiple claims in this case, Plaintiffs' rights as to the stricken and dismissed claims have been finally decided, and there is no just reason for delay.

This motion is made on the further grounds that Plaintiffs have not paid—and have stated that they will never pay—the fees awarded by the Court.

This motion is made on the further grounds that fees incurred for any work related to a motion to strike, including fees incurred in enforcing the fee award, are recoverable pursuant to Cal. Code Civ. Proc. § 425.16.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities attached hereto, the Declaration of Cyrus S. Naim filed concurrently

1

herewith, all pleadings, papers and records on file with this Court in this action, and all other such argument as may be presented to the Court in connection with the motion.

### **Statement of L.R. 7-3 Compliance**

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 1, 2015.

LAW OFFICES OF CYRUS S. NAIM

Dated:  July 6, 2015                    By:  /s/ Cyrus S. Naim
                                              Cyrus S. Naim

                                              Attorney for James Needle and Greg Howe

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    **INTRODUCTION**

On December 29, 2014, this Court struck numerous claims brought by Plaintiffs pursuant to California's Anti-SLAPP law.  (Dkt. No. 51.)  On March 20, 2015, this Court awarded Defendants $49,696.00 in attorney's fees and costs incurred in filing that motion and related matters.  (Dkt. No. 63.)

Plaintiffs have not paid this sum—or any money whatsoever—to Defendants since this ruling was made.  Indeed, at a mediation between the parties, counsel for Plaintiffs stated that they would ***never*** pay such fees to Defendants, under any circumstances.[1]

Defendants must therefore begin the work of enforcing the Court's Order. Counsel for Defendants has spoken to several collections attorneys in Pennsylvania and has been informed that, as a practical matter, the Court's order cannot be enforced in that jurisdiction unless and until it is reduced to a judgment.  (Naim Dec. ¶ 5.) Plaintiffs also stated that New Show Studios, LLC ("NSS") is insolvent.  (Naim Dec. ¶ 4.)  This is an additional factor favoring entry of judgment, as Defendants must move quickly to recover whatever award they are able to collect before NSS files for bankruptcy, making any judgment against it effectively unrecoverable.

Defendants therefore request that this Court order the clerk to enter partial final judgment as to the stricken claims, and as to the award of attorney's fees granted to Defendants.  There is no prejudice to Plaintiffs in this action, as the order is already immediately appealable pursuant to California's anti-SLAPP law.  Indeed, refusing entry of judgment would complicate the proceedings and permit Plaintiffs the unfair tactical advantage of arguing the order is appealable at two separate times: Now, and at the conclusion of this litigation, and choosing whichever option suits their needs best.

In the alternative, Defendants respectfully request that the Court issue a

---

[1] Declaration of Cyrus S. Naim dated July 6, 2015, filed concurrently herewith ("Naim Dec."), at ¶¶ 2-3.

**MOTION FOR PARTIAL FINAL JUDGMENT**

1   deadline by which such fees be paid, so that if Plaintiffs continue in their
2   intransigence, Defendants will be able to seek sanctions from the Court.

3   **II.    ARGUMENT**

4        **A.    Partial Judgment Should Be Entered**

5        Under Rule 54(b), this court may certify a partial final judgment where: (1) a
6   case involves multiple claims or parties; (2) the court has resolved at least one but
7   fewer than all the claims with finality; and (3) there is no just reason for delay.  *See*
8   *generally* Fed. R. Civ. P. 54(b); Wright & Miller, *Federal Practice & Proc.* § 2659.

9        1.    This Court Disposed of Plaintiffs' Trade Libel Related Claims with
10            Finality

11       There can be no doubt that this case involves multiple claims.  "The word
12  'claim' in Rule 54(b) refers to a set of facts giving rise to legal rights in the claimant,
13  not to legal theories of recovery based upon those facts."  *Purdy Mobile Homes, Inc. v.*
14  *Champion Home Builders Co.*, 594 F.2d 1313, 1316 (9th Cir. 1979).  Plaintiffs began
15  this case with seventeen claims, which have now been reduced to just five, centered
16  around four sets of alleged facts: (1) claims of trade libel and interference with contract
17  and prospective economic advantage, based on allegations that Defendants contacted
18  Plaintiffs' clients and the public to warn them of Plaintiffs' fraudulent activity; (2)
19  claims for infringement of copyright and trademark, based on allegations that Needle
20  posted two of Plaintiffs' videos on his website without authorization; (3) claims for
21  defamation of Valkanas, based on allegations that Howe told others he was convicted
22  of double homicide; and (4) claims for trade secret misappropriation, based on
23  allegations that Howe and Needle misappropriated Plaintiffs trade secrets to either
24  provide them to Plaintiffs' competitor, Television Writers' Vault, or for their own
25  benefit.

26       The Court has resolved Plaintiffs' claims centering on trade libel with finality.
27  They are wholly eliminated from the suit, and every claim that relied on them was
28  stricken as well.  *See* Dkt. No. 51 at 32-33 (striking claims for trade libel, interference

with contractual relations and prospective economic advantage, and striking violations of California's Unfair Competition Law and False Advertising Law to the extent they relied on such allegedly libelous communications).[2]

Similarly, there is no further determination that must be made to award Defendants their attorney's fees. The briefing on the motion to strike was completed, the Court determined that Defendants succeeded in part in their motion, calculated the appropriate number of hours to recompense, and issued its order awarding fees. No additional issues with respect to this award need to be considered or litigated.

### 2. There Is No Just Reason For Delay

The only remaining issue is whether there is any just reason for delay. "Whether there is just reason for delay in the entry of judgment is a matter left to the discretion of the district court." *Purdy Mobile Homes, Inc. v. Champion Home Builders Co.*, 594 F.2d 1313, 1316-1317 (9th Cir. 1979).

The Ninth Circuit embraces a "pragmatic approach focusing on severability and efficient judicial administration." *Garcia v. Clovis Unified Sch. Dist.*, 2009 U.S. Dist. LEXIS 122471, *5 (E.D. Cal. Dec. 17, 2009) (quoting *Wood v. GCC Bend, LLC*, 422 F.3d 873, 880 (9th Cir. 2005)). "[C]laims certified for appeal do not need to be separate and independent from the remaining claims, so long as resolving the claims would 'streamline the ensuing litigation.'" *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009). Finally, "although Rule 54(b) should not be used to promote a race to judgment, Rule 54(b) certification may be used to produce a res judicata effect in another forum, especially where a district court 'must either become inactive or incur

---

[2] Moreover, to the extent Plaintiffs' claims for violations of the Unfair Competition Law or False Advertising Law were not stricken (because they relied in part on Plaintiffs' claims for defamation of Valkanas), Plaintiffs voluntarily dismissed them from this suit in their Third Amended Complaint. The deadline to amend the complaint to add claims or parties is July 29, 2015, and will have already expired by the time the hearing on this motion is held. They are therefore completely precluded from this suit, and there is no overlap whatsoever between the claims that remain and those that were stricken.

1   the risk of wasting its efforts.' . . . The court is to make specific findings that set forth

2   the reasons for granting a Rule 54(b) motion." *Garcia*, 2009 U.S. Dist. LEXIS 122471

3   at *5-*6 (quoting *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d

4   1519, 1525 (9th Cir. 1987)).

5           There is no just reason for delay here.  As discussed above, the trade libel claims

6   have no overlap with the remaining claims in dispute.  Moreover, the Court's order

7   striking them pursuant to California's anti-SLAPP act is already immediately

8   appealable.  *See, e.g., DC Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1015 (9th

9   Cir. 2013) ("[T]he denial of a motion to strike made pursuant to California's anti-

10  SLAPP statute remains among the class of orders for which an immediate appeal is

11  available."); Cal. Code Civ. Proc. § 425.16(i) ("An order granting or denying a special

12  motion to strike shall be appealable under Section 904.1.").

13          Granting the instant motion therefore streamlines this litigation by ensuring

14  there is only a single time that Plaintiffs could appeal the Court's order: Right now.

15  The alternative would permit Plaintiffs to argue that they could either appeal the

16  Court's order now, or else wait until after trial and determine whether to appeal then.

17  That would simply complicate the proceedings to no purpose other than to give

18  Plaintiffs an unfair tactical advantage.

19          There are additional important reasons to grant Defendants' motion and enter

20  partial final judgment now.  Plaintiffs have stated that they will ***never***, under any

21  circumstances, pay the fees the Court awarded.  (Naim Dec. ¶ 3.)  Defendants must

22  therefore take actions to enforce that order.  Defendants' counsel has spoken with

23  several collections attorneys in Pennsylvania who have informed him that, even if the

24  court's order on fees might not need to be entered into the form of a judgment to be

25  enforceable as a legal matter, it must as a practical matter:  Pennsylvania court clerks

26  will not enforce an award that is not in the form of a judgment, for the simple reason

27  that they cannot determine from its face if it is a final and enforceable award.  (Naim

28  Dec. ¶ 5.)

**MOTION FOR PARTIAL FINAL JUDGMENT**

Timing is also critical here.  First, there are severe burdens to Defendants in continuing to litigate this case without the benefit of payment of attorney's fees for the frivolous claims brought by Plaintiffs.  Unlike Plaintiffs, Defendants are individuals without the deep pockets to pay ongoing attorney's fees as litigation continues. Second, Plaintiffs' counsel has informed Defendants that NSS is insolvent.  (Naim Dec. ¶ 4.)  It is therefore critical that Defendants begin enforcement proceedings immediately, to obtain whatever relief they can before NSS declares bankruptcy.  *See Garcia*, 2009 U.S. Dist. LEXIS 122471 at *5-*6 ("Rule 54(b) certification may be used to produce a res judicata effect in another forum, especially where a district court 'must either become inactive or incur the risk of wasting its efforts.'") (quoting *Continental Airlines*, 819 F.2d at 1525).

**B.      In The Alternative, Defendants Request That The Court Place a Deadline on Paying Fees**

In the alternative, Defendants request that the Court modify its attorney's fee order to place a deadline on compliance.  Defendants could then ask the Court for redress or sanctions pursuant to the Court's inherent powers should Plaintiffs not pay the ordered fees by the specified date.

**C.      Defendants Should Be Awarded Their Fees In Bringing the Instant Motion**

Finally, Defendants should be awarded their fees in bringing the instant motion. Under California law, all fees incurred for matters related to the filing of a successful anti-SLAPP motion to strike must be reimbursed.  *See, e.g., Henry v. Bank of Am. Corp.*, 2010 U.S. Dist. LEXIS 94028, *9-10 (N.D. Cal. Aug. 23, 2010) ("Fee awards include 'services for all proceedings . . . directly related to the special motion to strike.") (quoting *Jackson v. Yarbray*, 179 Cal. App. 4th 75, 92 (2009)).

Such fees include those incurred in enforcing an award of attorney's fees ordered by the Court.  *Ketchum v. Moses*, 24 Cal. 4th 1122, 1141 (Cal. 2001) ("[A]n award of fees may include not only the fees incurred with respect to the underlying

1   claim, but also the fees incurred in enforcing the right to mandatory fees under Code of

2   Civil Procedure section 425.16.").

3        To date, Defendants' counsel has spent approximately 9.8 hours in bringing the

4   instant motion.  Such time was spent speaking with collections attorneys in

5   Pennsylvania, researching the relevant law, meeting and conferring with opposing

6   counsel, and drafting, reviewing and revising the instant motion and accompanying

7   declaration.  Defendants will update the numbers regarding hours spent in their reply

8   brief on this motion.  (Naim Dec. ¶ 6.)

9   **III.    CONCLUSION**

10       For the foregoing reasons, Defendants request that the Court enter partial final

11  judgment as to Claim Nos. 1, 4-6 & 8-10 of Plaintiffs' Second Amended Complaint,

12  enter partial final judgment as to the award of fees against Plaintiffs pursuant to Dkt.

13  No. 63, and award Defendants their fees incurred in filing the instant motion.

14

15                              LAW OFFICES OF CYRUS S. NAIM

16  Dated:  July 6, 2015          By:   /s/ Cyrus S. Naim

17                                      Cyrus S. Naim
                                        Attorney for Defendants James Needle
18                                      and Greg Howe

19

20

21

22

23

24

25

26

27

28

**MOTION FOR PARTIAL FINAL JUDGMENT**