UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-01250-CAS(MRWx) | Date | September 21, 2015 |
|---|---|---|---|
| Title | NEW SHOW STUDIOS LLC ET AL. V. JIMM NEEDLE ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants | |
| John Du Wors | Cyrus Naim | |

**Proceedings:** PLAINTIFFS' MOTION TO CLARIFY THE ORDER AWARDING DEFENDANTS' FEES AND COSTS (filed July 6, 2015, dkt. 70)

DEFENDANTS' MOTION FOR PARTIAL FINAL JUDGMENT AS TO CLAIMS NOS. 1, 4-6, & 8-10 OF PLAINTIFFS' SECOND AMENDED COMPLAINT AND AWARD OF ATTORNEY'S FEES; REQUEST FOR ATTORNEY'S FEES (filed July 27, 2015, dkt. 81)

PLAINTIFFS' MOTION TO STRIKE IMPROPER SUR-REPLY DECLARATION (filed September 1, 2015, dkt. 93)

## I. INTRODUCTION

This case arises from allegations that defendants James Needle and Greg Howe unlawfully interfered with plaintiffs' business, primarily by expressing their beliefs that plaintiffs' business practices are fraudulent. The action was initially filed by plaintiffs New Show Studios LLC ("New Show"), Anthony Valkanas ("Valkanas"), and Davison Design & Development Inc. ("Davison Design"), on February 19, 2014. Dkt. 1. Defendants successfully moved to strike certain of plaintiffs' claims pursuant to California's Anti-Strategic Lawsuits Against Public Participation ("Anti-SLAPP") statute, Cal. Code Civ. Pro. § 425.16. See Dkt. 51 (December 29, 2014 Order).¹ On

---

¹ The Court's December 29, 2014 order includes a detailed recitation of the facts as pleaded in the second amended complaint. See Dkt. 51 at 2-9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-01250-CAS(MRWx) | Date | September 21, 2015 |
|---|---|---|---|
| Title | NEW SHOW STUDIOS LLC ET AL. V. JIMM NEEDLE ET AL. | | |

March 20, 2015, the Court awarded defendants' costs and attorney's fees incurred in connection with the successful portions of their Anti-SLAPP motions. Plaintiffs now seek clarification on the Court's March 20, 2015 order, while defendants seek partial final judgment under Federal Rule of Civil Procedure 54(b) as to those claims that have been either dismissed with prejudice or stricken under the Anti-SLAPP statute.

## II. PROCEDURAL BACKGROUND

On July 14, 2014, plaintiffs filed the operative second amended complaint ("SAC") in the instant litigation. Dkt. 32. The SAC asserted the following claims: (1) violation of California's Unfair Competition Law ("UCL"); (2) false light invasion of privacy; (3) trade secret misappropriation; (4) intentional interference with contractual relations; (5) intentional interference with prospective economic advantage; (6) negligent interference with prospective economic advantage; (7) defamation per se; (8) trade libel; (9) false advertising, in violation of 15 U.S.C. §§ 1125, et seq.; (10) false advertising, in violation of California's False Advertising Law ("FAL"); (11) copyright infringement, in violation of 17 U.S.C. §§ 501, et seq.; and (12) trademark infringement, in violation of 15 U.S.C. §§ 1125(a), et seq. Id.

On July 28, 2014, defendants filed (1) a motion to dismiss claim 9 of the SAC pursuant to Rule 12(b)(6) and (2) a special motion to strike claims 1, 2, 4-8, and 10 pursuant to the Anti-SLAPP statute. Dkt. 34. The Court held a hearing on September 8, 2014, at which time plaintiffs requested leave to conduct discovery into the claims subject to defendants' Anti-SLAPP motion. Dkt. 43. The Court directed plaintiffs to submit briefing regarding the scope of such discovery, and ultimately provided plaintiffs 60 days to conduct limited discovery. Id. During that time, plaintiffs deposed defendants Needle and Howe in Cleveland, Ohio, and Buffalo, New York, respectively. Upon completion of these depositions, the parties submitted supplemental briefing addressing whether plaintiffs had established a reasonable probability of succeeding on the merits of their claims subject to defendants' Anti-SLAPP motion. Dkts. 46, 48-50.

By order dated December 29, 2014, the Court granted in part defendants' Anti-SLAPP special motion to strike. Dkt. 51. Specifically, the Court granted the motion to strike plaintiffs' claims for violation of California's UCL (claim no. 1) and violation of California's FAL (claim no. 10), insofar as those claims were predicated on defendants' protected statements regarding plaintiffs' business practices. Id. at 32-33. The Court also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-01250-CAS(MRWx) | Date | September 21, 2015 |
|---|---|---|---|
| Title | NEW SHOW STUDIOS LLC ET AL. V. JIMM NEEDLE ET AL. | | |

granted the motion to strike plaintiffs' claims for intentional interference with contractual relations (claim no. 4), intentional interference with prospective economic advantage (claim no. 5), and negligent interference with prospective economic advantage (claim no. 6), and trade libel (claim no. 8). Id. at 33. Applying the framework set forth in the Anti-SLAPP statute, the Court concluded that defendants were the prevailing party on the six aforementioned claims. Id. at 32. In light of this, the Court determined that defendants were entitled to an award of attorney's fees and costs "incurred in connection with" their special motion to strike and "necessary to prevail" thereon, and ordered defendants to submit records to support such an award. Id.

By order dated March 20, 2015, the Court considered defendants' statement of attorney's fees, as well as plaintiffs' briefing in opposition, and awarded defendants fees and costs in the amount of $49,696.00, without expressly specifying whether all three plaintiffs or a subset of plaintiffs was to be held liable for the award. Dkt. 63 ("Fee Order"). On July 6, 2015, plaintiffs filed the instant motion to clarify the Court's March 20, 2015 order. Dkt. 70. Defendants filed their opposition on August 3, 2015 (pursuant to a stipulated schedule), and plaintiffs replied on August 10, 2015. On July 27, 2015, defendants filed a motion for partial final judgment as to claim nos. 1, 4-6, & 8-10 of plaintiffs' SAC, which is also presently before the Court. Dkt. 81. Plaintiffs filed an opposition on August 3, 2015, dkt. 84, and defendants replied on August 10, 2015, dkt. 87. On August 24, 2015, defendants also filed a second supplemental declaration and set of exhibits in support of the briefing on the instant motions. Dkt. 90. On September 1, 2015, plaintiffs filed a motion to strike defendants' supplemental declaration (dkt. 90) as an improper sur-reply. Dkt. 93. Defendants opposed this motion on September 3, 2015, dkt. 94, and plaintiffs replied on September 11, 2015, dkt. 98.[2]

---

[2] Defendants' supplemental declaration attaches certain of plaintiffs' interrogatory responses as an exhibit. Defendants' counsel states in his declaration that he received these responses after the replies in the instant motions were filed and that interrogatory responses may have bearing on the instant motions for clarification and partial judgment. See Dkt. 90 (Supplemental Declaration of Cyrus Naim) ¶¶ 2-3. Plaintiffs contend that defendants' filing constitutes an improper sur-reply under Local Rule 7-10, which states that "[a]bsent prior written order of the Court, the opposing party shall not file a response to the reply." Civil L-R 7-10. Plaintiffs further argue that the declaration violates Local Rule 7-7, as it does not contain "only factual, evidentiary matter." See Civil L-R 7-7. In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-01250-CAS(MRWx) | Date | September 21, 2015 |
|---|---|---|---|
| Title | NEW SHOW STUDIOS LLC ET AL. V. JIMM NEEDLE ET AL. | | |

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

### III. DISCUSSION

#### A. Plaintiffs' Motion to Clarify the Court's March 20, 2015 Order Awarding Attorney's Fees

The Court's March 2015 Fee Order states that "defendants are entitled to attorney's fees . . . [and] costs and expenses, for a total award of $49,696.00." Fee Order at 8. As plaintiffs note, the Court did not specify which of the plaintiffs—i.e., either all three plaintiffs or some subset of New Show, Valkanas, and/or Davison Design—are liable to defendants for these fees and costs. Accordingly, plaintiffs now move the court to clarify—or more appropriately, modify—the Fee Order to specify that "only New Show is responsible for the fees incurred with striking" claims 1, 4, 5, 6, 8, and 10 (the "stricken claims"). Plaintiffs argue that while "the SAC did not specifically state which Plaintiff alleged which cause of action, it is clear from the allegations themselves which Plaintiff pleads each cause of action." Mot. to Clarify at 6. As explained more fully below, the Court disagrees, and denies plaintiffs' motion in its entirety.

The stricken claims at issue in the relevant motion are claim 4 (intentional interference with contractual relations), claim 5 (intentional interference with prospective economic advantage), claim 6 (negligent interference with prospective economic advantage), claim 8 (trade libel), and claims 1 (violation of California's UCL) and 10 (violation of California's FAL), insofar as the UCL/FAL claims were predicated on defendants' protected statements regarding plaintiffs' business practices. In their motion, plaintiffs characterize claims 4, 5, 6, 8, and the stricken portions of claims 1 and 10 as the

---

opposition, defendants state that it is within the Court's discretion to consider the declaration and that they have no objection to a determination that it be excluded. Although the Court has not relied upon defendants' supplemental declaration in ruling on the instant motions for clarification and partial final judgment under Rule 54(b), the Court nevertheless **DENIES** plaintiffs' motion to strike defendants' supplemental declaration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-01250-CAS(MRWx) | Date | September 21, 2015 |
|---|---|---|---|
| Title | NEW SHOW STUDIOS LLC ET AL. V. JIMM NEEDLE ET AL. | | |

"New Show Claims" because, plaintiffs aver, these claims arose from defendants' statements regarding New Show and fail to specifically mention or allege any conduct by Valkanas or Davison.  Id. at 5-6.  Plaintiff also characterizes claims 2 and 7 as the "Valkanas Claims" because they "dealt only with Defendants' statements about Valkanas," and claims 11 and 12 as the "Davison Claims" because they "addressed Needle's infringement of Davison's copyright and trademark." Id. at 6. With the claims characterized as such, plaintiffs argue that because only the "New Show Claims" were stricken, "it makes sense that only New Show—as the losing party—is responsible for Defendants' fees and costs." Id. at 8. "[P]unish[ing] Valkanas and Davison for the failure of the New Show Claims simply because they served as co-plaintiffs in this lawsuit" would be "unfair," according to plaintiffs' motion, since the plaintiffs' claims in the SAC and the "[p]laintiffs themselves are entirely distinct." Id.

As a preliminary matter, the Court notes that both plaintiffs and defendants devote much effort to arguing issues that should have no bearing on the task before the court—i.e., determining which of the three plaintiffs brought the six stricken claims in the SAC and thereby exposed themselves to potential liability under the Anti-SLAPP statute. For example, plaintiffs insist that "New Show and Davison are entirely distinct entities" and should be treated as such for purposes of the instant motion.  Id. at 5.  As defendants note, the degree to which New Show and Davison Design are truly distinct entities should have no bearing on whether *both* entities did or did not bring the stricken claims such that both are now liable to pay defendants the attorney's fees and costs award.  Accordingly, the Court need not wade into this debate.[3]  Similarly, the Court need not address defendants' contention (and the evidence submitted in support thereof) that plaintiff New Show "may not have sufficient assets for defendants to be able to enforce any judgment against it" and that plaintiffs' motion is simply an attempt to render the Court's Fee Order unenforceable.  See Opp'n to Mot. to Clarify at 6-7.

---

[3] While defendants acknowledge the irrelevance of this inquiry to the instant motion, they nevertheless contend that it is "absurd to argue that the legal structure of [New Show] and [Davison Design] should establish that they are unrelated, when they work in the same office, with the same employees, employing the same business model, and the same litigation strategy."  Opp'n to Mot. to Clarify at 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-01250-CAS(MRWx) | Date | September 21, 2015 |
|---|---|---|---|
| Title | NEW SHOW STUDIOS LLC ET AL. V. JIMM NEEDLE ET AL. | | |

Regardless, plaintiffs' insistence that the SAC is "mostly a collection of individual claims by New Show, Valkanas and Davison [Design]" is belied by the plain language of the complaint, which is rife with references to alleged "injury," "losses," and "harm" to "plaintiffs"—almost always without any clarification as to whether the alleged harm was suffered by any one individual named plaintiff or another. SAC ¶¶ 40, 41, 75. Indeed, defendants thoroughly document the SAC's many references to harm suffered by "plaintiffs" (and not any one particular plaintiff) with respect to all six of the stricken claims. Opp'n to Mot. to Clarify at 3-4 (citing, inter alia, SAC ¶¶ 32-34, 36, 38, 40-41 (claim 1 for unfair competition) ( "Plaintiffs have suffered losses" because defendants used inside knowledge of Plaintiffs to "ma[k]e false statements to Plaintiffs' clients" to "divert Plaintiffs' clients to competing businesses"); SAC ¶¶ 72-80 (claim 6 for negligent interference with prospective economic advantage) ("Plaintiffs' economic relationships with clients have been disrupted" because "Needle made false statements to Plaintiffs' clients, encouraging them to violate the terms of their contracts with Plaintiffs"); SAC ¶¶ 87-91 (claim 8 for trade libel) ("Plaintiffs have suffered and continue to suffer injury to their business, goodwill, and reputation" because "[d]efendants made false statements to Plaintiffs' clients" and "intentionally disparaged Plaintiffs and their services")).

At other times, the SAC does specify individual plaintiffs by name, but even then it suggests that defendants' wrongful conduct as to one individual plaintiff caused harm to two or all three of the named plaintiffs. For example, with respect to claim 2 for false light invasion of privacy, the complaint alleges that "*Plaintiffs* have been injured" by defendant "Howe['s] place[ment of individual plaintiff] *Valkanas* in a false light by implying that he had committed a double homicide." SAC ¶¶ 45, 49 (emphasis added). Similarly, with respect to claim 7 for defamation per se, the complaint alleges that "Howe published to *Plaintiffs'* clients . . . defamatory statements regarding [individual] *Plaintiff Anthony Valkanas* . . . [which] tended to directly injure [both] *Valkanas'* personal reputation and *Plaintiffs'* reputation."). SAC ¶¶ 82, 85 (emphasis added).

To the extent plaintiffs are arguing in the instant motion that all (or most) of the SAC's references to the term "plaintiffs" is best understood as a reference solely to "plaintiff New Show Studios," any such argument is also undermined by language elsewhere in the complaint. For example, with respect to claim 6 for negligent interference with prospective economic advantage, the complaint states that defendant "Needle knew or should have known that he was causing significant injury to *his former employer*" in making allegedly false statements—indeed, "Needle's status as a *former*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       'O'

| Case No. | 2:14-cv-01250-CAS(MRWx) | Date | September 21, 2015 |
|---|---|---|---|
| Title | NEW SHOW STUDIOS LLC ET AL. V. JIMM NEEDLE ET AL. | | |

*employee of Plaintiffs*" meant he "owed *Plaintiffs* a duty of care to act in a manner to avoid interfering with *Plaintiffs'* prospective economic advantage with their clients." SAC ¶¶ 76-77. Here, if use of the term "plaintiffs" is to be understood as referring to one particular plaintiff, the only sensible candidate would be Davison Design, not New Show. As defendants rightfully note, the complaint alleges Needle was an employee of Davison Design and later George Davison Studios—never New Show Studios. See ¶ 18. Thus, even if certain references to the term "plaintiffs" might best be understood as referring to one plaintiff or another, as plaintiffs contend in their motion, the Court declines to comb through the complaint at this stage in the proceeding to resolve any such purported ambiguities or correct for any allegedly "misplaced apostrophe[s]." Reply (Mot. to Clarify) at 1. Instead, the Court will give plaintiffs' words in the SAC their plain meaning, such that references to "plaintiffs" means—unremarkably—"all plaintiffs."

Accordingly, plaintiffs' motion for clarification is **DENIED**. Based on the face of the SAC, the stricken claims were brought on behalf of all three plaintiffs. Therefore, all three plaintiffs remain liable under the Court's March 20, 2015 award of attorney's fees and costs.

### B. Defendants' Motion for Entry of Partial Final Judgment under Rule 54(b)

Under Rule 54 of the Federal Rules of Civil Procedure, "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In assessing the propriety of ordering partial final judgment, the Court must "must first determine that it has rendered a 'final judgment,' that is, a judgment that is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Wood v. GCC Bend, LLC, 422 F.3d 873, 878 (9th Cir. 2005) (quoting Curtiss–Wright Corp. v. General Electric Co., 446 U.S. 1, 7 (1980)). "Then [the court] must determine whether there is any just reason for delay." Id. "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.'" (quoting Curtiss–Wright, 446 U.S. at 7 (internal quotation marks omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-01250-CAS(MRWx) | Date | September 21, 2015 |
|---|---|---|---|
| Title | NEW SHOW STUDIOS LLC ET AL. V. JIMM NEEDLE ET AL. | | |

In applying the applicable standard, defendants argue in their motion for partial final judgment that the Court has resolved with finality plaintiffs' claims for trade libel, interference with contractual relations and prospective economic advantage, and relevant portions of plaintiff's UCL and FAL claims. Rule 54(b) Motion at 3. Similarly, defendants aver that no further determination must be made as to the awarded attorney's fees, as the Court has already ruled on defendants' motion to strike under California's Anti-SLAPP statute and further issued an order awarding a precise amount of attorney's fees. Id. Defendants then argue that "there is no unjust reason for delay here" because (1) the "trade libel claims have no overlap with the remaining claims in dispute;" (2) failing to enter partial final judgment would "permit Plaintiffs to hold hostage recovery of Defendants' attorney's fees as they continue to litigate their other claims;" and (3) defendants currently have a pressing need for the fees which, they aver, may soon become unrecoverable, as there is evidence that plaintiff New Show Studios is closing for business. Id. at 4; see also Reply (Rule 54(b) Mot.) at 5.

The Court finds defendants' arguments to be unpersuasive.[4] Generally, in light of the "difficulty of deciding whether a pleading is a unitary claim or multiple claims, and even more mystically, whether issues in related claims stand alone, or apart from their claims, for purposes of Rule 54(b) finality," the Ninth Circuit has "previously embraced 'a more pragmatic approach focusing on severability and efficient judicial administration.'" Wood v. GCC Bend, LLC, 422 F.3d 873, 880 (9th Cir. 2005) (citing Continental Airlines, Inc. v. Goodyear Tire & Rubber Co., 819 F.2d 1519, 1525 (9th Cir.1987)). While "claims certified for appeal do not need to be separate and independent from the remaining claims," this only remains true "so long as resolving the

---

[4] The Court reaches this conclusion despite plaintiffs' repeated application of the incorrect legal standard throughout their opposition to the instant motion. See Opp'n to Rule 54(b) Mot. 3-5. As defendants rightly argue in their reply, plaintiffs primarily cite to cases that either (1) involve the collateral order doctrine and not partial final judgment under Rule 54(b), see, e.g., Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100 (2009), or (2) cases in which the appellant sought to appeal despite having failed to secure partial final judgment pursuant to Rule 54(b), see, e.g., Indian Oasis-Baboquivari Unified Sch. Dist. No. 40 of Pima Cnty., Ariz. v. Kirk, 109 F.3d 634, 635 (9th Cir. 1997) ("The plaintiffs collectively appealed without obtaining a certification order pursuant to Federal Rule of Civil Procedure 54(b)").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       'O'

| Case No. | 2:14-cv-01250-CAS(MRWx) | Date | September 21, 2015 |
|---|---|---|---|
| Title | NEW SHOW STUDIOS LLC ET AL. V. JIMM NEEDLE ET AL. | | |

claims [by entering partial final judgment] would '*streamline* the ensuing litigation.'" Noel v. Hall, 568 F.3d 743, 747 (9th Cir. 2009) (emphasis added) (citing Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991)). The Court fails to see how allowing plaintiffs' remaining claims to proceed, while entering partial final judgment and thereby rendering plaintiffs' stricken and dismissed claims appropriate for immediate appeal and a potential remand to this court in the indeterminate future, would "streamline the ensuing litigation," Texaco, 939 F.2d at 798, and facilitate "efficient judicial administration," Continental Airlines, 819 F.2d at 1525. See McIntyre v. United States, 789 F.2d 1408, 1410 (9th Cir. 1986) ("We particularly scrutinize a district judge's rule 54(b) certification . . . to 'prevent piecemeal appeals in cases which should be reviewed only as single units.'" (quoting Curtiss–Wright, 446 U.S. at 10)).

      Judgments "under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981). Defendants argue that they cannot recover the $49,696.00 in attorney's fees and costs awarded in conjunction with their Anti-SLAPP motion unless and until plaintiffs' stricken claims are resolved. Rule 54(b) Mot. at 4. Plainly, the notion that defendants need to recover these costs "before [New Show] winds up and distributes its remaining assets, rendering the fees unrecoverable," does not constitute an unusual case justifying entry of partial final judgment. Id.

      The Court further declines defendants' request that the Court modify the Fee Order by imposing a deadline for plaintiffs' compliance. Although defendants argue that courts routinely place deadlines on payment of a sanction or fee award, they rightly acknowledge that this case is "slightly different than the usual one, in that the fees awarded were mandatory pursuant to California law, rather than granted pursuant to the Court's discretion." Reply (Rule 54(b) Mot.) at 7. Here, plaintiffs have indicated their intention to appeal the Court's rulings as to the stricken claims upon entry of final judgment. Opp'n to Rule 54(b) Mot. at 1. Therefore, placing a deadline for compliance with the Court's Fee Order is unlikely to result in more prompt payment of the award,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-01250-CAS(MRWx) | Date | September 21, 2015 |
| Title | NEW SHOW STUDIOS LLC ET AL. V. JIMM NEEDLE ET AL. | | |

irrespective of whether or not any such prompt payment is warranted or especially needed at the present time by defendants.

Accordingly, defendants' Rule 54(b) Motion is **DENIED** in its entirety.

### C. Defendants' Request for Attorney's Fees

Defendants argue that they should be awarded the fees associated both with opposing plaintiffs' motion for clarification and with bringing their motion for partial final judgment. Under California's Anti-SLAPP statute, "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Code Civ. P. § 425.16(c); S.B. Beach Props. v. Berti, 39 Cal. 4th 374, 379 (2006) ("[A]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees."); see also Computerexpress, Inc. v. Jackson, 93 Cal. App. 4th 993, 1019 (2001) (explaining that recovery of fees and costs is proper even where Anti-SLAPP motion is granted only in part). A successful SLAPP defendant is only entitled to attorney's fees and costs "incurred in connection with" the anti-SLAPP motion, and "necessary to prevail" thereon. Metabolife Int'l Inc. v. Wornick, 213 F. Supp. 2d 1220, 1221-24 (S.D. Cal. 2002). Further, "[t]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

"[A]n award of fees may include not only the fees incurred with respect to the underlying claim, but also the fees incurred in enforcing the right to mandatory fees under [the Anti-SLAPP statute]." Ketchum v. Moses, 24 Cal. 4th 1122, 1141 (2001). "[A]bsent circumstances rendering the award unjust, fees recoverable . . . ordinarily include compensation for all hours reasonably spent, including those *necessary to establish and defend the fee claim*." Id. (emphasis added) (citing Serrano v. Unruh, 32 Cal. 3d 621, 639 (1982)). Though plaintiffs are ostensibly seeking only clarification of the Court's March 20, 2015 order, as it currently stands, the order effectively places the burden of paying the award upon all plaintiffs. Plaintiffs now seek an order that would shift this entire burden to New Show, which defendants insist would significantly endanger their ability to recover the award. Thus, contrary to plaintiffs' assertions, the Court concludes that defendants' work in connection with opposing plaintiffs' motion for clarification was "necessary to establish and defend the fee claim" and "enforc[e] the right to mandatory fees" under the Anti-SLAPP statute. Id. (citing Serrano v. Unruh, 32

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-01250-CAS(MRWx) | Date | September 21, 2015 |
|---|---|---|---|
| Title | NEW SHOW STUDIOS LLC ET AL. V. JIMM NEEDLE ET AL. | | |

Cal. 3d 621, 639 (1982)). However, defendants' work in connection with their motion for partial final judgment under Rule 54(b) was not "necessary to establish and defend the fee claim" or "enforc[e] the right to mandatory fees." Id. Rather, it was simply an attempt to secure these fees in a more timely fashion and before the fees may become more difficult to collect in the indeterminate future, at least according to defendants. Furthermore, because defendants filed their supplemental declaration, dkt. 90, in violation of Local Rule 7-10, and also did not need to file this declaration but rather elected to do so to "ensure they did not mislead the Court or appear dishonest" in their previous filings, Opp'n to Mot. Strike at 1, they cannot recover fees for their effort in opposing plaintiffs' effort to strike this declaration.

Accordingly, defendants' request for attorney's fees and costs in connection with defending plaintiffs' motion for clarification is **GRANTED**. However, defendants' requests for attorney's fees and costs in connection with their motion for partial final judgment under Rule 54(b), as well as their opposition to plaintiffs' motion to strike defendant's sur-reply, are **DENIED**.

### IV. CONCLUSION

In accordance with the foregoing, plaintiffs' motion to clarify the Court's March 20, 2015 order awarding attorney's fees is **DENIED**. In addition, defendants' motion for partial final judgment under Rule 54(b) as to claims 1, 4-6, and 8-10 is **DENIED**.

The Court orders defendants to submit records to support their application for attorney's fees awarded herein no later than **Monday, September 28, 2015**. Thereafter, plaintiffs shall have until **Monday, October 5, 2015** to respond. Defendants may thereafter reply no later than **Monday, October 12, 2015**. The application for attorney's fees, and the response thereto, shall not exceed ten pages, and the reply shall be limited to five pages. The Court will take the matter of attorney's fees under submission.

IT IS SO ORDERED.

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |