UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-01250-CAS (MRWx) | Date | September 29, 2016 |
|---|---|---|---|
| Title | NEW SHOW STUDIOS LLC.; ET AL. V. JIMM NEEDLE; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:**   (IN CHAMBERS) - NUNC PRO TUNC AMENDMENT TO SUMMARY JUDGMENT ORDER

On September 26, 2016, the Court heard oral argument from the parties in this matter regarding motions in limine. During the hearing, counsel for defendants brought an error to the Court's attention regarding the Court's summary judgment order, Dkt. 198, issued on September 20, 2016 (hereinafter "the summary judgment order"). The Court finds this matter appropriate for nunc pro tunc amendment to the Court's summary judgment order, following the entry of this order. Based on the Court's conclusion herein, there is no need for further briefing from either side.

As part of Needle's partial summary judgment motion, Needle argued that he was entitled to summary judgment with regard to plaintiffs' trademark claim because Davison Design is not entitled to any available remedy for alleged trademark infringement. The Court's order noted that plaintiffs may be entitled to disgorgement of Needle's profits if any resulted from Needle's alleged trademark infringement. Importantly, for purposes of summary judgment, the Lanham Act places the burden upon the defendant to demonstrate that any profits that could have resulted from trademark infringement were not earned as a result of infringement. 15 U.S.C.A. § 1117(a) ("[i]n assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed"). This is also known as an accounting of profits.

A footnote within the summary judgment order, dkt. 198 at 20 n.9, incorrectly concluded that Needle had failed to present undisputed evidence of what Davison Design's website said, thereby making it unnecessary for the Court to address Needle's argument that JimmNeedle.com and Davison Design were not competition during the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-01250-CAS (MRWx) | Date | September 29, 2016 |
|---|---|---|---|
| Title | NEW SHOW STUDIOS LLC.; ET AL. V. JIMM NEEDLE; ET AL. | | |

alleged trademark infringement.  On September 26, 2016, Needle directed the Court to Exhibit 3 to Naim's supplemental declaration in support of defendants motion for partial summary judgment.  Dkt. 177-1.  The Court previous failed to consider this portion of the record.

However, the subject exhibit does not change the result of the summary judgment order.  The Court need not decide whether Davison Design and JimmNeedle.com were in competition with one another.  The Ninth Circuit has rejected the view that an accounting of profits pursuant to the Lanham Act is *only* available where the parties are in competition with one another.  See Maier Brewing Co. v. Fleischmann Distilling Corp., 390 F.2d 117, 123 (9th Cir. 1968) ("In those cases where there is infringement, but no direct competition, [deterrence of trademark infringement] can be accomplished by the use of an accounting of profits based on unjust enrichment rationale").  As the Court noted in the summary judgment order, the Lanham Act places the burden on defendants to account for profits.  See 15 U.S.C.A. § 1117(a).  It does not require plaintiffs to first prove the two were in competition.  Id.

Accordingly, footnote 9 of the summary judgment order is hereby amended as follows:

9.  Needle argues that he is not in competition with Davison Design because Davison Design's "own website confirms that it helps consumers patent and prototype their inventions, and license them to retailers."  Defendants Suppl. at 2.  However, the Court need not resolve whether Needle and Davison Design were in competition at the time of the alleged infringement.  Davison Design may be entitled to an accounting of Needle's profits regardless of whether JimmNeedle.com and Davison Design were in competition with one another at the time of Needle's alleged infringement.  See Maier Brewing Co. v. Fleischmann Distilling Corp., 390 F.2d 117, 123 (9th Cir. 1968) ("In those cases where there is infringement, but no direct competition, [deterrence of trademark infringement] can be accomplished by the use of an accounting of profits based on unjust enrichment rationale"); Playboy Enterprises, Inc. v. Baccarat Clothing Co., 692 F.2d 1272, 1275 (9th Cir. 1982) (remanding for an accounting of profits because "it is essential that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:14-cv-01250-CAS (MRWx) | Date | September 29, 2016 |
|---|---|---|---|
| Title | NEW SHOW STUDIOS LLC.; ET AL. V. JIMM NEEDLE; ET AL. | | |

the trial courts carefully fashion remedies which will take all the economic incentive out of trademark infringement"). Accordingly, evidence of Davison Design's website does not entitle Needle to summary judgment with respect to disgorgement of profits.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |