UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| Case No. | 2:14-cv-01250-CAS (MRWx) | Date | September 29, 2016 |
|---|---|---|---|
| Title | NEW SHOW STUDIOS LLC. ET AL. V. JIMM NEEDLE; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS) - PLAINTIFFS' MOTIONS IN LIMINE NOS. 1-7 (Dkt. 179, Filed on August 29, 2016)

DEFENDANTS' MOTIONS IN LIMINE NOS. 1-3 (Dkt. 180, Filed on August 29, 2016)

## I. INTRODUCTION

On February 19, 2014, plaintiffs New Show Studios LLC ("New Show"), Anthony Valkanas, and Davison Design & Development, Inc. ("Davison Design") filed this action against defendants James Needle and Greg Howe ("defendants" or "counter-claimants").

On April 21, 2014, plaintiffs filed their First Amended Complaint alleging seventeen claims against defendants. Dkt. 10. Defendants then filed a motion to dismiss seeking to strike certain claims pursuant to California's Anti-Strategic Lawsuit Against Public Participation ("Anti-SLAPP") statute, Cal. Code Civ. Pro. § 425.16. On June 30, 2014, the Court dismissed claims 1-7, 9, 10, and 13-15 without prejudice. Dkt. 31. On July 14, 2014, plaintiffs filed their second amended complaint, alleging twelve claims against defendants. Dkt. 32. Defendants filed a second motion to dismiss certain claims pursuant to the anti-SLAPP statute. On December 29, 2014, the Court dismissed claim number nine with prejudice and granted defendants' motion to strike claims one, four, five, six, eight and ten. Dkt. 51.

The operative Fourth Amended Complaint contains four remaining claims against defendants. Dkt. 126. On September 20, 2016, the Court granted summary judgment for defendants with regard to plaintiffs' first and third claims for relief. Dkt. 198. Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-01250-CAS (MRWx) | Date | September 29, 2016 |
|---|---|---|---|
| Title | NEW SHOW STUDIOS LLC. ET AL. V. JIMM NEEDLE; ET AL. | | |

remaining claims are Valkanas's claim against Howe for defamation and Davison Design's claim against Needle for trademark infringement. Id.

On March 3, 2015, defendants filed their Answer to the Third Amended Complaint as well as six counterclaims. Four of defendants' counterclaims are against New Show[1]. The remaining two counterclaims, claims five and six, are alleged by Needle against all three plaintiffs for (5) Slander Per Se and (6) Intentional Interference with Prospective Economic Advantage.

On August 29, 2016, plaintiffs filed seven motions in limine, Dkt. 179, and defendants filed three motions in limine, Dkt. 180. On September 7, 2016, the parties filed their respective oppositions. Dkt. 186-187.[2] On September 26, 2016, the parties had a pretrial conference at which time the Court heard oral arguments regarding motions in limine.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

**I.     BACKGROUND**

Needle is a former employee of Davison Design and later George Davison Studios ("Davison Studios"). While working for both companies, Needle produced short videos on behalf of Davison Design, Davison Studios, and New Show. Davison Studios and

---

[1] Davison Design and Valkanas have notified the Court that New Show has filed for protection pursuant to Chapter 7 of the bankruptcy laws. The Court notes that the operative complaint, does not list New Show as a plaintiff in the case, however, defendants have six counterclaims pending against New Show. For purposes of this order, the Court refers to Valkanas and Davison Design as "plaintiffs."

[2] On June 15, 2015, the parties were instructed that replies in support of motions in limine will not be accepted. Dkt. 67. Both parties, without leave, have violated the Court's June 15, 2015, instruction by filing replies in support of their motions. On September 12, 2016, plaintiffs filed a reply. Dkt. 194. On September 13, 2016, defendants filed a reply. Dkt. 195.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:14-cv-01250-CAS (MRWx) | Date | September 29, 2016 |
|---|---|---|---|
| Title | NEW SHOW STUDIOS LLC. ET AL. V. JIMM NEEDLE; ET AL. | | |

New Show are "sister compan[ies]." Fourth Amended Complaint ¶ 17. Valkanas is the president of New Show, which sells short promotional videos for customers with an idea for a new television show. Id. ¶ 7.

Davison Design's trademark infringement claim arises out of Needle's alleged infringement of Davison Design's "Dare to Invent" trademark. Needle operates a website, JimmNeedle.com, where he lists his resume, biography, and numerous examples of videos and media on which he has worked. Davison Design alleges that, in or around February 2012, Needle posted videos on his website including two "Dare to Invent" videos he helped produce for Davison Design. The videos on Needle's portfolio page were labeled with the "Dare to Invent" mark in their thumbnails images. Davison Design alleges that the use of the "Dare to Invent" mark on JimmNeedle.com infringed upon its trademark rights. On February 8, 2014, Needle removed the "Dare to Invent" videos from his website and replaced them with newer, unrelated projects on which he had work.

After Needle ceased working for Davison Studios and Davison Design in April 2013, Needle met Howe online. Needle spoke with Howe in the hope of encouraging Howe to share information with law enforcement about what defendants' believed was a scam by New Show. Needle also gave Howe the names of three former New Show clients whom Needle believed were victim's of New Show's scam.

Howe posted warnings online, notifying others that Howe believed New Show was a scam. In addition to his online statements about New Show, Howe exchanged emails with Horace White. The gravamen of Valkanas's defamation claim is that Howe told White that Valkanas was being investigated for an alleged role in two purported homicides. In early 2014, Howe allegedly wrote to White, "did anything come out about Valakanas murder investigation [sic][?]" Dkt. 185, Ex. A. Later in their email exchange, Howe allegedly stated, "that homicide I told you about, was a double homicide, feel free to tell Valkanas every thing I say, I believe in a fair war, and I want him to know what is coming his way." Id. at 2. Valkanas avers that he was never a murder or homicide suspect. Howe avers that, at the time, he believed Valkanas was a homicide suspect because Valkanas had previously been sued in association with two deaths.

Needle's slander counterclaim arises out of alleged statements during a meeting on February 10, 2014 ("the February meeting"). George Davison, the president of Davison Studios (and Davison Design), called a meeting of employees whom he managed. At

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-01250-CAS (MRWx) | Date | September 29, 2016 |
| Title | NEW SHOW STUDIOS LLC. ET AL. V. JIMM NEEDLE; ET AL. | | |

some point therein, Needle alleges that Davison explained why salaries for all the employees of Davison Studios were being cut. Needle alleges that Davison made several defamatory statements to Davison's employees, namely, that (1) Needle had taken clients from them, (2) Needle had taken confidential information or trade secrets from the company, and that (3) Needle was a reason for their collective decrease in pay. Needle alleges that Davison also threatened or implied that company employees would be fired for speaking to Needle. Needle alleges that the foregoing statements constitute slander per se.

Needle's intentional interference with prospective economic advantage claim also arises out of the February meeting. Needle alleges that plaintiffs interfered with a website project Needle was developing for Michael Reid, a Davison Studios employee. Sometime in 2013, Needle alleges that he began negotiations to build a website for Reid. Reid was present for the February 2014 meeting described above. Needle never built the website and alleges that Davison's statements intentionally interfered with Needle's relationship with Reid, a customer of Needle's.

## II.   PLAINTIFFS' MOTIONS IN LIMINE

Plaintiffs have filed seven motions in limine. The Court will address each in turn.

### A.   Motion to Exclude Evidence of Alleged Misconduct by New Show

Plaintiffs move to exclude evidence of alleged misconduct by New Show pursuant to Federal Rule of Evidence 404. Furthermore, plaintiffs argue such evidence must be excluded pursuant to Federal Rule of Evidence 403 because New Show is no longer an active litigant here and evidence about New Show's conduct could result in unfair prejudice to plaintiffs.

Rule 404 makes evidence of prior bad acts inadmissible "to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). However, such evidence is still admissible for other purposes. Boyd v. City & Cty. of San Francisco, 576 F.3d 938, 947 (9th Cir. 2009) ("Rule 404(b) is a rule of inclusion . . . unless the evidence of other crimes tends only to prove propensity, it is admissible).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:14-cv-01250-CAS (MRWx) | Date | September 29, 2016 |
|---|---|---|---|
| Title | NEW SHOW STUDIOS LLC. ET AL. V. JIMM NEEDLE; ET AL. | | |

     Defendants argue such evidence provides relevant context to both Valkanas's defamation claim and Needle's counterclaims. Howe's allegedly defamatory statements were made in an email from Howe to White. In their memorandum of contentions of fact and law, plaintiffs state that they intend to offer Howe's emails to White into evidence. Plaintiffs Cont. Fact & Law at 7. Defendants argue that Howe's emails to White were principally regarding alleged misconduct by New Show and that the jury should see Howe's alleged defamatory statements in context. Evidence of misconduct by New Show does not appear relevant to whether or not Howe accused Valkanas of being a murder-suspect with malice towards Valkanas. However, Howe's belief in misconduct by New Show does contextualize other statements in Howe's emails, such as his claim to be at "war" with Valkanas, New Show's president.

     At trial, neither party will be permitted to litigate claims against New Show, which have been stayed pending New Show's bankruptcy proceedings. Nor will the Court permit cumulative evidence in regard to any alleged misconduct by New Show. However, defendants do not appear to offer evidence of misconduct by New Show in an effort to prove plaintiffs' propensity for misconduct. Accordingly, the evidence does not run afoul of Rule 404. New Show's president remains a party. Although evidence of misconduct by New Show appears probative to certain narrow issues, such evidence also carries a risk of unfair prejudice to plaintiffs.

     In its rulings on both of defendants' motions to dismiss, the Court concluded that many of defendants' statements regarding alleged fraud by New Show were lawful exercises of the defendants' first amendment rights. However, Valkanas's defamation claim survived both motions to dismiss because Howe's statements implying Valkanas committed a "double homicide" are not protected by the anti-SLAPP statute. Dkt. 51. Defendants' protected speech regarding alleged misconduct by New Show and their basis for believing New Show committed misconduct appears to provide important context to Howe's alleged defamatory statements regarding New Show's president. It is therefore admissible, but remains subject to Rule 403.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-01250-CAS (MRWx) | Date | September 29, 2016 |
| Title | NEW SHOW STUDIOS LLC. ET AL. V. JIMM NEEDLE; ET AL. | | |

Most importantly for purposes of this motion, there appears to be substantial ambiguity regarding the scope of the evidence at issue[3] and in what form defendants' may seek to offer said evidence. Such ambiguity precludes a ruling at this time regarding the admissibility of evidence tending to show misconduct by New Show because the Court is unable to weigh the probative value of specific evidence against the risk of unfair prejudice to plaintiffs. Accordingly, plaintiffs' first motion in limine is **DENIED** without prejudice. If evidence of misconduct by New Show is offered in an admissible form, the Court intends to provide a limiting instruction to the jury. The Court invites the parties to meet and confer and, if possible, submit a joint-proposal regarding said limiting instruction.

### B. Motion to Exclude Evidence of Alleged Misconduct by Davison Design

Plaintiffs move to exclude allegations that Davison Design is a "scam" and "enticed consumers with false claims." Plaintiffs MIL at 5. Plaintiffs specifically seek exclusion of evidence of "an FTC investigation and consent decree from around 2000," as well as allegations Davison Design made false promises to clients. Id.

Defendants oppose plaintiffs' first and second motions in limine on the same grounds. However, alleged customer fraud by Davison Design does not appear to relate to Howe's state of mind or Valkanas's damages from defamation. Nor does misconduct by Davison Design appear to be relevant to its trademark infringement claim. Finally, because Needle's counterclaims relate to Davison's statement about declining salaries among New Show employees, misconduct by Davison Design does not appear to be probative to Needle's counterclaims.[4]

---

[3] For instance, plaintiffs intend to offer Howe's emails into evidence, which include substantial allegations of misconduct by New Show.

[4] During oral argument, defendants argued that Needle was notified of a consent decree from 2000 when he worked for Davison Design. According to defense counsel, Needle was told to report fraudulent activities by Davison Design because of this consent decree. Accordingly, defense counsel argues that evidence of the consent decree is relevant to explain why Needle subsequently sought to expose misconduct by his employer and New Show. However, defendants do not explain how evidence of a prior

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:14-cv-01250-CAS (MRWx) | Date | September 29, 2016 |
|---|---|---|---|
| Title | NEW SHOW STUDIOS LLC. ET AL. V. JIMM NEEDLE; ET AL. | | |

The claims at issue in this case arise out of alleged statements in early 2014 and alleged trademark infringement beginning in 2012. Any alleged misconduct and evidence from 2000 is too remote in time to be probative of the parties' claims. Such evidence may unfairly prejudice Davison Design at trial. Accordingly, pursuant to Rule 403, plaintiffs' motion in limine to exclude evidence of misconduct by Davison Design is **GRANTED**.

    **C.**     **Motion to Exclude George Crompton's Testimony Relaying Interview Contents**

Next, plaintiffs seek to exclude any testimony by George Crompton, which merely relays others' statements about the February meeting. Crompton testified as New Show's Federal Rule of Civil Procedure 30(b)(6) deponent. Prior to his deposition, Crompton spoke with employees who attended the February meeting at issue in Needle's counterclaims. Crompton was not at the February meeting himself, but testified to statements from the February meeting based on his interviews of certain persons in attendance. Accordingly, with respect to the February meeting, plaintiffs argue that Crompton's testimony and deposition contain multiple layers of inadmissible hearsay because (1) Davison's statements during the February meeting to his employees are inadmissible hearsay, (2) those employees' statements to Crompton about the February meeting are hearsay, and (3) Crompton's deposition statements are hearsay.

During his deposition, Crompton, speaking on behalf of the corporation, relayed statements from other employees. For example, Crompton testified regarding Timothy Lenhart's recollection of the February meeting:

    Q. In preparing for that topic, did you speak with Mr. Lenhart?
    A. I did.

---

consent decree relates to Needle's subsequent attempts to expose alleged fraudulent activities to customers and the public rather than to investigators and company executives. Furthermore, even if this evidence were relevant to explain Needle's communications with customers, Needle's state of mind is not relevant to an element of either of the remaining claims or Needle's counterclaims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'

| Case No. | 2:14-cv-01250-CAS (MRWx) | Date | September 29, 2016 |
|---|---|---|---|
| Title | NEW SHOW STUDIOS LLC. ET AL. V. JIMM NEEDLE; ET AL. | | |

> Q. What were his recollections regarding the content of the statements made by George Davison?
> A. Mr. Lenhart recollected that George Davison said that . . . Davison said that Jim Needle was bad, was wrong for what he had done and that to avoid being caught up in a situation that was developing, people should not talk to Jim Needle.

Crompton Depo. 93:13-94:4.

Regarding the first layer of potential hearsay, the Court has already ruled that Davison's statements during the February meeting are not hearsay because they are not offered for their truth. Dkt. 198. Regarding the third layer of hearsay, if Crompton's statements are offered against New Show and Davison Design, they are not hearsay because they are an opposing party's statement. Fed. R. Evid. 801(d)(2). A corporation's 30(b)(6) deponent speaks on behalf of the corporation and therefore the deponent's statements are generally admissible against a corporate party as statements by a party-opponent. See e.g. Icon Enters. Int'l v. Am. Prods. Co., 2004 U.S. Dist. LEXIS 31080, at *17 (C.D. Cal. Oct. 7, 2004) ("The designee, in essence, represents the corporation just as an individual represents him or herself at a deposition. The designee's statements are thus admissible as an admission" (citations omitted)). However, defendants cite no authority for their argument that multiple layers of hearsay are admissible merely because they are repeated by a 30(b)(6) deponent.

Lenhart's statements are illustrative of this potential problem. If Crompton were offering live testimony, Lenhart's statements to Crompton may be hearsay unless they fell within an exception to the prohibition against hearsay evidence, Fed. R. Evid. 803, or were not hearsay, Fed. R. Evid. 801.

As an initial matter, the Court is not yet persuaded that defendants intend to offer Lenhart's statements, or those of other employees, for an impermissible hearsay purpose. However, even assuming that defendants' offer such statements for the truth of the matter asserted, they may nonetheless be admissible with appropriate foundation.

Statements that satisfy the requirements of Rule 801(d)(2)(D) are not hearsay. Federal Rule of Evidence 801(d)(2)(D), "treats as party admissions statements by the party's agents or employees if they were made during the agency or employment and

Case 2:14-cv-01250-CAS-MRW   Document 204   Filed 09/29/16   Page 9 of 16   Page ID #:4687

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:14-cv-01250-CAS (MRWx) | Date | September 29, 2016 |
|---|---|---|---|
| Title | NEW SHOW STUDIOS LLC. ET AL. V. JIMM NEEDLE; ET AL. | | |

they relate to a matter within the scope of the agency or employment." Weinstein's Fed. Evid. 2nd Ed., 801.33[1]. To be admissible, the statements need not be within the scope of the declarant's agency, but "need only . . . be related to a matter within the scope of the agency." Hoptowit v. Ray, 682 F.2d 1237, 1262 (9th Cir. 1982). "The tradition has been to test the admissibility of statements by agents, as admissions, by applying the usual test of agency." Advisory Committee Notes to 801(d)(2)(D).

Plaintiffs argue that Lenhart's statements to Crompton, like those of other Davison Studios employees, are not attributable to any plaintiff because "all of the statements sought to be excluded are from non-[Davison Design] employees: Anthony Allen, Timothy Lenhart, Erin Monahan, Jason Ralph, Michael Reid and Douglas Verosko were employees of George Davison Design; Samuel Sandora was an employee of [New Show]; and Nathan Field was an employee of Inventionland." Plaintiffs' Reply at 13. However, as noted in the Court's summary judgment order, there appears to be ambiguity regarding for whom the employees at the February meeting worked during the meeting and when Crompton spoke with them. Furthermore, the identity of the declarant's principal employer does not necessarily resolve the matter if defendants can lay foundation for an agency relationship between Davison Design and anyone Crompton interviewed. See Hoptowit, 682 F,2d at 1262 (report prepared by Attorney General's office employee for defendant, the Secretary of the Department Social and Health Services, was within the scope of declarant's agency relationship with the defendant). The parties dispute the agency relationships between the various corporate entities. With proper foundation to satisfy Rule 801(d)(2)(D), Crompton may be permitted to testify regarding other employees' statements because those statements would be vicarious admissions. At this time, the Court cannot discern whether defendants can lay appropriate foundation. Accordingly, plaintiffs' motion to exclude Crompton's testimony about the February meeting is **DENIED** without prejudice.

### D. Motion to Exclude Evidence of an Alleged Homicide Investigation of Anthony Valkanas

Plaintiffs seek to exclude evidence that Valkanas was ever investigated for a murder. Defendants argue that evidence Valkanas was sued in connection with two deaths is relevant to show Howe's alleged defamatory statements were true or, in the alternative, to show Howe believed Valkanas had been a homicide suspect (and therefore lacked malice) when Howe emailed White.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'

| Case No. | 2:14-cv-01250-CAS (MRWx) | Date | September 29, 2016 |
|---|---|---|---|
| Title | NEW SHOW STUDIOS LLC. ET AL. V. JIMM NEEDLE; ET AL. | | |

The Court agrees. Plaintiffs concede that they must prove Howe failed to use reasonable care to determine the truth or falsity of his claim Valkanas was a double-homicide suspect. Plaintiffs Cont. Law & Fact at 7. This evidence appears to have limited, albeit important, probative value to Howe's state of mind at the time of the alleged defamatory statements and the reasonableness of his actions. Statements Howe heard about a past incident involving Valkanas and two deaths are not hearsay because they will be admissible to show their effect upon Howe and the reasonableness of his own purported belief that Valkanas had been a homicide suspect. Accordingly, plaintiffs fourth motion in limine is **DENIED** without prejudice.

### E. Motion to Exclude Evidence of an Alleged Class Action Against New Show

Plaintiffs seek to exclude evidence that there may have been a class action at some time against New Show. Plaintiffs allege that, during his deposition, Howe attempted to testify about a group intending to file a class action against New Show. Plaintiffs argue that such evidence, if offered by Howe, is hearsay, irrelevant, and should be excluded pursuant to Rule 403.

Defendants argue that Howe's potential testimony explains why Howe wrote at the time that he was engaged in a "war" against Valkanas. Evidence of a separate class-action may be circumstantial evidence of what Howe meant by certain statements in his emails to White, but it has no probative value regarding the specific alleged defamatory statements Howe made about Valkanas. The limited probative value of this evidence is substantially outweighed by the risk of unfair prejudice to plaintiffs. There is a substantial risk of jury confusion regarding a separate case, the evidence would demand additional time and resources to litigate an issue with little relevance, and it risks substantial unfair prejudice to plaintiffs. Accordingly, testimony from Howe regarding a separate class-action against New Show is inadmissible pursuant to Rule 403. Plaintiffs' fifth motion in limine is **GRANTED**.

### F. Motion to Exclude Plaintiffs' Communication with Carnegie Mellon

Plaintiffs seek to exclude hearsay evidence of communications with Carnegie Mellon University ("CMU"). Alleged communication between plaintiffs and CMU was one factual basis for Needle's intentional interference with prospective economic

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-01250-CAS (MRWx) | Date | September 29, 2016 |
| Title | NEW SHOW STUDIOS LLC. ET AL. V. JIMM NEEDLE; ET AL. | | |

advantage ("IIPA") counterclaim. On September 20, 2016, the Court granted summary judgment to plaintiffs with respect Needle's CMU-based IIPA counterclaim. In light of the Court's summary judgment decision, any communications between plaintiffs and CMU does not appear to be relevant to the remaining claims. Accordingly, plaintiffs sixth motion in limine is **GRANTED**. However, the Court reserves judgment regarding whether this evidence may be relevant for any other purpose.

### G. Motion to Exclude Evidence Needle Was Given Permission to Use the "Dare to Invent" Videos on JimmNeedle.com

Plaintiffs seek to exclude evidence that Needle sought and received permission to post the "Dare to Invent" videos on his website, JimmNeedle.com. Plaintiffs argue that Needle never sought or received permission to post the "Dare to Invent" videos, that any statement granting Needle permission is inadmissible hearsay, and that, because it is unsubstantiated, such evidence should be excluded pursuant to Rule 403.

Evidence that Needle was given permission to post the "Dare to Invent" videos is relevant to defeat plaintiffs' trademark infringement claim against Needle. The fact that some evidence contradicts other evidence does not make the evidence inadmissible. Furthermore, Needle may be able to lay foundation showing that permission from one of plaintiffs' employees is not hearsay because it is an opposing party's statement or vicarious admission. See Fed. R. Evid. 801. Such evidence would be both probative and admissible. Accordingly, plaintiffs seventh motion in limine is **DENIED**.

### III. DEFENDANTS' MOTIONS IN LIMINE

Defendants have filed three motions in limine.

### A. Motion to Exclude Evidence of Restraining Orders Against Howe

First, defendants seek to exclude evidence of two restraining orders against Howe. During Howe's deposition, Howe testified regarding a dispute with one of his neighbors. Howe believed his neighbors were catching and euthanizing cats. Howe Depo. 54:16-55:19. Howe testified that he reported his neighbors to the police and the humane society but the humane society failed to act appropriately. Id. 56:4-12. Eventually, as a result of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-01250-CAS (MRWx) | Date | September 29, 2016 |
|---|---|---|---|
| Title | NEW SHOW STUDIOS LLC. ET AL. V. JIMM NEEDLE; ET AL. | | |

Howe's dispute with his neighbors and the Humane Society, both sought and received restraining orders against Howe. Id. 57:10-58:6.

Plaintiffs argue the restraining order evidence "tends to prove a material point as to Howe planning and preparing *similar attack campaigns* against other individuals and businesses, as he has done here against George Davison and his companies." Plaintiffs Oppo. at 3 (emphasis added). Plaintiffs argue this evidence is "similar" because Howe used "the same type of aggressive protest tactics." Id. However, plaintiffs point to no actual similarities between Howe's alleged defamation here and the acts resulting in restraining orders in Howe's past. These restraining orders do not appear to have any relevance to the claims in this case, Fed. R. Evid. 401, nor are they admissible to attempt "to prove the character of a person in order to show action in conformity therewith," Fed. R. Evid. 404(b). Accordingly, evidence of restraining orders against Howe in the past are inadmissible pursuant to Federal Rules of Evidence 402, 403, and 404. Defendants' first motion in limine is **GRANTED**.

### B. Motion to Exclude Evidence Needle Caused Harm to Davison Design

In their second motion in limine, Needle seeks to exclude evidence that Davison Design lost sales as a result of the alleged trademark infringement. In a trademark infringement action, plaintiffs are entitled to both defendant's profits from the infringement and any damages sustained by the plaintiff as a result of the infringement. 15 U.S.C. § 1117(a). Defendants seek to exclude evidence of the latter.

Plaintiffs argue that testimony from their 30(b)(6) deponent, George Crompton, regarding lost sales is admissible to demonstrate damages to Davison Design from Needle's alleged infringement. However, Crompton's testimony during his deposition is inadmissible speculation. The Court discussed Crompton's testimony regarding damages to Davison Design's sales in its summary judgment order. Therein, the Court concluded that there is no evidence showing Crompton had personal knowledge of the company's sales or the timing of Needle's alleged trademark infringement. Crompton's deposition is therefore inadmissible.

Defendants seek to exclude any other evidence of lost sales as a sanction for failing to comply with the discovery rules. See Fed. R. Civ. Proc. 37(c)(1). Defendants offer a declaration from defense counsel recounting plaintiffs' repeated assurances that they did

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-01250-CAS (MRWx) | Date | September 29, 2016 |
| Title | NEW SHOW STUDIOS LLC. ET AL. V. JIMM NEEDLE; ET AL. | | |

not intend to seek damages from Davison Design's lost sales. In response to defendants' interrogatory requesting the factual basis for any harm as a result of Needle's actions, plaintiffs only mention Needle's profits from infringement. Dkt. 180, Ex. 2. On January 22, 2016, plaintiffs' counsel told defendants that plaintiffs would did not intend to seek recovery for financial losses as a result of trademark infringement. Naim Decl. Then, on January 25, 2016, when asked about lost sales during Davison's deposition, Davison Design's counsel remarked, "I don't have a decision on that yet." Naim Decl. Ex. 3. The factual discovery cutoff was January 29, 2016. Dkt. 92. In their opposition to this motion, plaintiffs do not dispute Naim's account of plaintiffs' repeated assurances right up until the discovery cutoff. Nor, other than Crompton's inadmissible deposition testimony from January 6, 2016, do plaintiffs argue they disclosed any records of lost sales. On January 29, 2016, defendants filed an ex parte application to compel additional discovery regarding purported lost sales and Magistrate Judge Wilner denied defendants' motion.

Plaintiffs have a continuing obligation to disclose the damages they intend to claim at trial. See Fed. R. Civ. Proc. 26. It appears that the only disclosure that Davison Design has made regarding its potential claim to damages from lost sales was its 30(b)(6) deponent's testimony that the company may have lost sales as a result of trademark infringement. Not only is Crompton's deposition testimony inadmissible, but plaintiffs disclaimed any intention to seek lost sales soon thereafter and changed their position a only few days before the discovery cutoff. Plaintiffs do not appear to have disclosed any basis for the claim that Davison Design lost sales. Accordingly, plaintiffs may not present such evidence for the first time at trial.

Furthermore, plaintiffs have lodged a pretrial conference order that makes no mention of Davison Design's lost sales. Plaintiffs have stipulated to an order which "shall supercede the pleadings and govern the course of the trial in this cause, unless modified to prevent manifest injustice." Pretrial Conf. Order, Dkt. 197. The proposed pretrial conference order, to which plaintiffs will be bound at trial, makes no mention of lost sales as a result of the alleged trademark infringement. In listing plaintiffs' key evidence, plaintiffs claim that Crompton will testify that "Needle's use of the mark has harmed Davison Designs." Id. at 7. Plaintiffs make no mention of evidence Davison Design lost profits. As the Court noted above, plaintiffs may be entitled to two types of damages as a result of trademark infringement. One type of damages is lost profits. The other is disgorgement of profits wrongfully made by defendant. "An accounting of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-01250-CAS (MRWx) | Date | September 29, 2016 |
| Title | NEW SHOW STUDIOS LLC. ET AL. V. JIMM NEEDLE; ET AL. | | |

profits . . . is not synonymous with an award of monetary damages." Reebok Intern., Ltd. v. Marnatech Enterprises, Inc., 970 F.2d 552, 559 (9th Cir. 1992). Although the pretrial conference order repeatedly mentions Needle's alleged profits from trademark infringement, it does not appear to reference any lost sales or any evidence Davison Design suffered financial losses. Accordingly, plaintiffs will not be permitted to present such evidence at trial.

Accordingly, defendants' second motion in limine is **GRANTED**.

### C. Motion to Exclude Evidence Howe Allegedly Defamed Valkanas On YouTube

During his deposition, Valkanas made vague reference to YouTube "banter" regarding alleged defamatory statements by Howe regarding Valkanas. Valkanas testified, in reference to alleged statements by Howe, that on "YouTube threads there was banter and replies and comments back and forth. Quite frankly, after the initial E-mail, . . . I didn't really want to go there and see what [Howe] was engaging in . . . to this day, I've not gone back there." Id. at 108:8-13. In its summary judgment order, the Court concluded that Valkanas's statements about YouTube were inadmissible pursuant to Federal Rule of Evidence 1002, the best evidence rule. Without the YouTube posts themselves, Valkanas should not be permitted to testify regarding the contents of YouTube posts in support of his defamation claim. The Court sees no reason to reconsider that conclusion now.

Furthermore, the Court granted summary judgment for Howe with respect to plaintiffs' claim of false light invasion of privacy. Therefore, evidence of YouTube "banter" is no longer relevant to any remaining claims. In light of the parties' proposed pretrial conference order, Dkt. 197, plaintiffs do not intend to offer evidence from YouTube in support of Valkanas's defamation claim against Howe.

In light of the foregoing, defendants' third motion in limine is **GRANTED**.

### D. Motion to Exclude Evidence of "Office Gossip"

Defendants also seek to exclude evidence of purported gossip at New Show. During Needle's deposition, Needle testified that "people in the building would call

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-01250-CAS (MRWx) | Date | September 29, 2016 |
|---|---|---|---|
| Title | NEW SHOW STUDIOS LLC. ET AL. V. JIMM NEEDLE; ET AL. | | |

[Valkanas a murderer] behind his back." Needle Depo. at 84:19-25. Needle has submitted a declaration wherein he explains that he first heard the murderer-rumor in 2011, while he was employed by Davison Design. Needle Decl. ¶ 6. Needle also avers that he has not heard the rumor from employees since he left the company in April 2013. Id. Needle first spoke with Howe in January 2014.

In the joint pretrial conference order, Valkanas lists the following evidence in support of his defamation claim against Howe:

- Testimony of Defendant Needle that the information was widely distributed.
- Testimony of Valkanas showing the effect of Howe's false statements, including loss of income and emotional distress.
- Testimony of George Crompton regarding the dissemination of the false statements.

Pretrial Conf. Order at 6. However, in opposition to this component of defendants' motion in limine, plaintiffs focus on the distribution of Howe's email and the Youtube comments discussed supra. Plaintiffs neither cite Needle's deposition, nor defend the introduction of testimony from Needle about the murder-rumor.

During oral argument, plaintiffs' counsel argued that testimony regarding the murder-rumor at Valkanas's office is relevant to show his emotional distress. Although the rumors Needle heard as an employee may have caused Valkanas emotional distress, there is no evidence that the rumors Needle heard before 2013 originated with defamatory statements by Howe in 2014. Needle's experience before leaving the company is not relevant to support Valkanas's claim for emotional distress arising from Howe's alleged defamation in 2014. Accordingly, rumors Needle heard before Howe's alleged defamatory statements may not be offered by the plaintiffs in support of Valkanas's alleged emotional distress. With respect to Needle's deposition testimony that he heard past rumors Valkanas was a murder-suspect, defendants' third motion in limine is **GRANTED**.

It is unclear if defendants' third motion in limine is intended to exclude more than Needle's deposition testimony about the murder-rumor prior to April 2013 and Valkanas's testimony about Youtube comments, discussed supra. Nor is it clear if

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-01250-CAS (MRWx) | Date | September 29, 2016 |
| Title | NEW SHOW STUDIOS LLC. ET AL. V. JIMM NEEDLE; ET AL. | | |

plaintiffs' purported, "Testimony of Defendant Needle that the information was widely distributed," encompasses more than the past rumors already discussed here. See Pretrial Conf. Order at 6.

If Valkanas can lay foundation to show that particular statements among his employees originated with defamatory statements by Howe, that Valkanas learned of those statements, and that Valkanas suffered emotional distress in connection with his employees' statements, then certain employees' statements may be admissible to show damages from Howe's alleged defamation. It is unclear at this time in what form and with what foundation plaintiffs may offer such evidence. Plaintiffs plan to offer, "Testimony of George Crompton regarding the dissemination of the false statements." Id. However, the Court cannot discern whether statements from other employees may be admissibly relayed by Crompton without running afoul of prohibitions against hearsay and the requirement of personal knowledge. Accordingly, the Court reserves ruling on the admissibility of any other evidence that Howe's statements were disseminated to New Show and Davison Design employees and that Valkanas suffered emotional distress as a result of said dissemination.

## IV. CONCLUSION

Plaintiffs' first, third, fourth, and seventh motions in limine are **DENIED** without prejudice. Plaintiffs' second, fifth, and sixth motions in limine are **GRANTED**.

Defendants motions in limine are **GRANTED** in part and **DENIED** in part.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |